UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61282-CIV-MOORE/GARBER

L. J., a minor, by N.N.J., his parent and next
friend, and N.N.J., individually,

       Plaintiffs,

vs.

BROWARD COUNTY SCHOOL BOARD,

       Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT; GRANTING MOTION TO STRIKE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss and/or in the

Alternative, Motion for More Definite Statement (DE # 20) and Defendant's Motion to Strike

(DE # 21).

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being

otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

Plaintiff L.J. is a thirteen year-old boy with a disability who resides and attends public

school in Broward County. Compl. ¶5. Plaintiff N.N.J. (collectively with L.J., "Plaintiffs") is

the parent of L.J. Compl. ¶4. Plaintiffs filed this action against Defendant School Board of

Broward County ("Defendant"), alleging that Defendant's actions and/or inaction has deprived

Plaintiff L.J. of a free and appropriate education. Compl. ¶4. Plaintiffs allege that Defendant

violated Plaintiff L.J.'s rights under the Individuals with Disabilities Education Act, 20 U.S.C.

§1400 ("IDEA"), and knowingly put at risk L.J.'s well-being, safety, and quality of life. Compl.

¶4, 5. Plaintiffs allege that these violations have occurred, in part, as a result of Defendant's failure to implement many portions of L.J.'s Individual Educational Plan ("IEP"), and failure to educate and train staff working with L.J. about his disability and needs. Compl. ¶10, 13. Plaintiffs further allege that Defendant retaliated against Plaintiffs in response to their efforts to get Defendant to implement L.J.'s IEP and accommodate his special needs. Compl. ¶14. Plaintiff N.N.J. is acting *pro se* in bringing this action on her own behalf and on behalf of her son. Plaintiff N.N.J. is not an attorney, but she has requested attorney's fees. Compl. at 3.

Defendant filed the instant motions requesting that the Court dismiss the Complaint, asserting that Plaintiffs do not state a claim upon which relief may be granted. Defendant argues that in the Eleventh Circuit a parent cannot represent her child *pro se*, that Plaintiffs do not clearly identify the source of the law being violated, that Plaintiffs' allegations are not specific enough, that Plaintiffs' claims are impermissible shotgun pleadings, that Plaintiffs are not entitled to a jury trial, and that a *pro se* plaintiff is not entitled to attorney's fees.

## II. ANALYSIS

### A. Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957) (citations

2

omitted); *see also* <u>South Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "it is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." <u>Bowers v. Hardwick</u>, 478 U.S. 186, 201–02 (1986) (Blackmun, J., dissenting) (quotations omitted); *see* <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

However, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Hyland v. Kolhage</u>, 158 Fed. Appx. 194, 196 (11th Cir. 2005) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) (internal quotations omitted)).

### B.  Parental Representation

In the Eleventh Circuit, "parents who are not attorneys may not bring a *pro se* action on their child's behalf-because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." <u>Devine v. Indian River County School Bd.</u>, 121 F.3d 576 (11th Cir. 1997) (IDEA case brought by parent on behalf of child). The Supreme Court recently decided that a parent has rights under the IDEA, including the right to have her child receive a meaningful education, and may sue on those parental rights. <u>Winkelman ex rel. Winkelman v. Parma City School Dist.</u>, 127 S.Ct. 1994 (2007). However, the

Supreme Court declined to decide whether a parent could litigate *pro se* her child's rights under the IDEA. Id. at 2007. Because the Supreme Court did not make that ruling, the Eleventh Circuit rule prohibiting such representation controls. Therefore, Plaintiff N.N.J. may not represent Plaintiff L.J. in this action, and any claims on L.J.'s behalf should be dismissed without prejudice. Plaintiff L.J. may seek to rejoin this action, should he obtain representation of an attorney in the future. Plaintiff N.N.J., however, has personal rights under the IDEA, as a parent of a disabled child, and may continue to litigate claims for violations of her parental rights, including the right that her child receive a meaningful education.

### C. Specificity of Claims

Under the IDEA, "[i]f dissatisfied with the educational program offered by the school, parents or guardians are entitled to an impartial due process hearing, 20 U.S.C. § 1415(b)(2); 20 U.S.C. § 1415(c), complete with all the rights of a full trial, 20 U.S.C. § 1415(d)." Doe v. Alabama State Dept. of Educ., 915 F.2d 651, 655 (11th Cir. 1990). After a due process hearing, "parents have a right to appeal [the] decision of the state educational agency to a United States district court, which shall hear such additional evidence necessary to engage in a de novo resolution of the complaint. 20 U.S.C. § 1415(e)(2), (4)." Id. "[A] court's inquiry in suits brought under § 1415(e)(2) is two-fold. First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" Id.

The Complaint should notify the Defendant of how Plaintiffs claim Defendant violated their rights. However, as mentioned above, a *pro se* complaint is held to a less stringent pleading standard. Hyland, 158 Fed. Appx. at 196. Defendant argues that Plaintiffs "fail to state the law

that was violated" or that it is unclear what section of the IDEA or any other law was violated. Def. Mot. at 3.  Plaintiffs assert that the Complaint notices "the Defendant as to the violation of the [IDEA] as well as the violations relating to retaliation and discrimination, (Section 504, ADA, Section 1983)." Pl. Resp. at 1.  The Complaint does clearly allege that Defendant violated the IDEA.  Compl. ¶¶1, 4, 5, 10, 12.  The Complaint further indicates specific ways in which Defendant allegedly violated Plaintiffs' rights.  Compl. ¶¶10, 13.  Therefore, Defendant is on notice of the type of claim and the actions that Plaintiffs allege give rise to the claims.  Under the less stringent standard for *pro se* complaints, dismissal of the parent's IDEA claims is not warranted.

Defendant also argues that the factual allegations are not specific enough.  Def. Mot. at 4. However, the Complaint indicates that Plaintiffs believe Defendant violated their rights by, among other things, failing to implement L.J.'s IEP, failing to provide behavioral supports, failing to provide Independent Educational Evaluations ("IEEs") in reading, and failing to provide appropriate education and training to its staff working with L.J.  Compl. ¶¶10, 13.  The Court believes Defendant is sufficiently on notice, and Plaintiffs have satisfied the standard for a *pro se* complaint stating a claim for a violation of N.N.J's parental rights under the IDEA.

Plaintiffs, in their response, also mention violations of "Section 504, ADA, Section 1983." Pl. Resp. at 1.  Plaintiffs do not give a full reference to these statues, but apparently are referring to the Rehabilitation Act of 1973, § 504, as amended, 29 U.S.C.A. § 794, the Americans with Disabilities Act, and the Civil Rights Act, 42 U.S.C. § 1983.

The elements of a cause of action under § 504 of the Rehabilitation Act are:  (1) the plaintiff is an individual with a disability under the Rehabilitation Act; (2) the plaintiff is

otherwise qualified for participation in the program; (3) the plaintiff is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his or her disability; and (4) the relevant program or activity is receiving federal financial assistance.  1 <u>Americans with Disabilities: Practice and Compliance Manual</u> §1:3 (May, 2007).  However, Plaintiffs have not specifically identified this statute in the complaint or alleged in the complaint each of these elements.  Therefore, Plaintiff's Complaint as it stands does not state a claim under this section.

It is not clear which sections of the ADA Plaintiffs might be referring to in their response, but a complaint under Title II of the Americans With Disabilities Act (ADA) must allege facts sufficient to put the public entity on notice of the conduct which allegedly violates Title II. Generally, this means that a plaintiff must allege that (1) he or she is a qualified individual with a disability; (2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity, by reason of his or her disability; and (3) the entity that provides the service, program, or activity is a public entity.  1 <u>Americans with Disabilities: Practice and Compliance Manual</u> §2:156 (May, 2007).  A complaint does not give fair notice if there are not allegations as to exact nature of the plaintiff's disability, how the plaintiff was excluded from participating in or benefitting from a program, and, if the case is one for denial of a reasonable accommodation, what accommodations were requested. <u>Id.</u> Likewise, a complaint will be dismissed if it does not set forth the minimal factual allegations necessary to establish that the defendant is a public entity or that the plaintiff was discriminated against because of disability. <u>Id.</u> To state a valid claim for enforcement of the self evaluation requirement, the plaintiff must allege a clear causal connection between the defendant's failure to evaluate its

services and the plaintiff's asserted injury. Id. Plaintiffs do not identify the ADA in their Complaint and do not allege the necessary elements of an ADA claim under Title II, so they do not state a claim under the ADA.

To prove a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must show that they were deprived of a federally protected right and the deprivation of that right was done under color of law. 42 U.S.C. § 1983. Plaintiffs have not identified § 1983 in their complaint or made these allegations, therefore they have not stated a claim upon which relief can be granted under § 1983.

If Plaintiffs intended to claim that Defendant violated these statutes (Section 504, ADA, and Section 1983), then Plaintiffs should have pleaded violations of these statutes in the Complaint or should seek leave to amend the Complaint and include these claims. As the Complaint stands now, Plaintiffs do not state a claim under these sections.

In the third cause of action of the Complaint, Plaintiffs allege that Defendant retaliated against them. Plaintiffs now indicate that the retaliation claims were brought not only pursuant to the IDEA, but also §504, ADA, and §1983. In order to establish a prima facie claim of retaliation a plaintiff must show (1) that he or she engaged in protected activity; (2) that adverse action was taken following or contemporaneous with the protected activity; and (3) that there was a causal connection between the protected activity and the adverse action. 1 Americans with Disabilities: Practice and Compliance Manual §1:97 (May, 2007). The protected activity may be an informal or formal complaint about, or other opposition to, a practice or act, if a plaintiff reasonably believes such an act to be in violation of the statute in question. The Complaint does allege that Plaintiff N.N.J. engaged in protected activities when encouraging the Defendant to

meet its obligations under the IDEA and by seeking a hearing under the IDEA. The Complaint does allege that the retaliation was causally connected to N.N.J.'s advocacy for her son. Compl. at 3.

However, the Complaint too broadly alleges that Plaintiffs were retaliated against. The Complaint does not allege any specific adverse action or types of retaliation. The Complaint merely states that Defendant retaliated against them. This cause of action is not specific enough to notify Defendant of what is being charged. Every detail does not need to be alleged, but Defendant should be on notice of the form of the alleged retaliation (e.g., retaliation in the form of a reduction of benefits, limitation of access to school facilities, expulsion of L.J. from class, or not affording them the same privileges as other parents, etc.). Therefore, Plaintiffs should provide a more definite statement regarding their retaliation claim.

## D. Shotgun Pleadings

Defendants argue that the Complaint is an impermissible shotgun pleading. "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). The main complaint about shotgun pleadings is that they make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (citing Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir. 1991)). Shotgun pleadings are usually a problem when there are so many factual allegations and claims that it is hard to parse through the complaint.

In this case, Defendant's arguments are somewhat contradictory. First, Defendant asserts

8

that there are not enough allegations in the complaint to support a claim.  Then, Defendant

asserts that the claims are shotgun pleadings that incorporate too many claims and allegations

making it virtually impossible to figure out the claims.  The Court finds it hard to believe that the

fourteen paragraph complaint in this case is too complex or difficult for Defendant to figure out

how to file a responsive pleading.

However, Plaintiffs do improperly incorporate by reference each preceding paragraph into

each subsequent claim for relief.  Generally, a complaint is structured such that general

jurisdictional and factual allegations that apply to each claim are plead in the first few paragraphs

(e.g. the first ten paragraphs or so) and only these general allegation s are incorporated by

reference into each new claim for relief/cause of action (e.g. only paragraphs 1 through 10 are

incorporated by reference into the third count, not paragraphs 1 through 20).  Each unique cause

of action should state the law upon which it is based, unique facts supporting that claim, and

generally how each element of the cause of action is met.  The incorporation of all proceeding

paragraphs in each new cause of action causes confusion because the third count includes a

repetition of the two previous counts, and the causes of action end up being repeated multiple

times.

### D.  Jury Trial

In the Complaint, Plaintiffs request a jury trial.  Compl. at 3.  The Eleventh Circuit has

held that "[t]here is no jury trial right for IDEA claimants."  Loren F. v. Atlanta Indep. Sch.

System, 349 F.3d 1309, 1313 (11th Cir. 2003) (citing Whitehead v. Sch. Bd. for Hillsborough

Co., 918 F. Supp. 1515 (M.D. Fla. 1996)).  Plaintiffs claim they are entitled to a jury trial for

their claims "relating to retaliation and discrimination, (Section 504, ADA, Section 1983)."  Pl.

Resp. ¶2. However, as stated above, these sections do not appear in the Complaint as filed. If Plaintiffs wish to have a jury trial, they must allege claims for which a jury trial is allowed. As the Complaint stands with only IDEA claims, the demand for jury trial must be stricken.

### D.  Attorney Fees

In the Complaint, Plaintiffs request attorney's fees. Compl. at 3. However, "a pro se litigant who is not a lawyer is not entitled to attorney's fees." Celeste v. Sullivan, 988 F.2d 1069, 1070 (11th Cir. 1992) (citing Kay v. Ehrler, 499 U.S. 432, 435 (1991)). Plaintiff N.N.J. is not a lawyer, and is acting *pro se* on her own behalf and on behalf of Plaintiff L.J. Because Plaintiffs do not have an attorney, they are not entitled to attorney's fees. This request should be stricken from the Complaint. A request for attorney's fees does not need to be in a complaint, so if Plaintiffs obtain an attorney in the future, they may file a motion for attorney's fees and costs at the appropriate time.

### III.  CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss and/or in the Alternative, Motion for More Definite Statement (DE # 20) is GRANTED IN PART. To the extent the Motion requests a more definite statement, the Motion is GRANTED consistent with the above opinion. Plaintiffs have leave to file an amended complaint to correct the problems identified above and to clarify the complaint. The amended complaint must be filed on or before July 2, 2007. To the extent the Motion requests that the Complaint be Dismissed, the Motion is DENIED as to claims arising from Plaintiff N.N.J.'s rights, but the Motion is GRANTED as to

claims arising from Plaintiff L.J.'s rights.  Plaintiff L.J. and his claims are dismissed without prejudice from this action.  Should Plaintiff L.J. obtain an attorney to represent him in the future, he may file a motion requesting to join this action and to amend the complaint to add his claims. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Strike (DE # 21) is GRANTED.  The demand for jury trial and attorney fees are hereby stricken from the Complaint as presently filed.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of June, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record
       U.S. Magistrate Judge Barry L. Garber