UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 06-61282-CIV-MOORE/GARBER

N.N.J., parent of a minor,
and N.N.J., individually,

    Plaintiff,

vs.

BROWARD COUNTY SCHOOL BOARD,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS II, III, IV, & V; DENYING DEFENDANT'S MOTION TO STRIKE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (dkt # 34).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

L.J. is a teenage boy with autism who resides and attends public school in Broward County. Plaintiff N.N.J. ("Plaintiff") is the parent of L.J. Plaintiff filed this action against Defendant School Board of Broward County ("Defendant"), alleging that Defendant's actions and/or inaction has deprived L.J. of a free and appropriate public education ("FAPE"). Plaintiff alleges that Defendant violated L.J.'s and her own rights under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 ("IDEA"), illegally discriminated against L.J. because of his disability, retaliated against Plaintiff and L.J. because of her advocacy for L.J.'s rights, and knowingly put at risk L.J.'s well-being, safety, and quality of life. Plaintiff alleges that these violations have occurred, in part, as a result of Defendant's failure to implement many portions of

L.J.'s Individual Educational Plan ("IEP"), and failure to educate and train staff working with L.J. about his disability and needs. Plaintiff N.N.J. is proceeding *pro se*.

Plaintiff first raised the underlying IDEA claims in six (6) due process cases filed under the IDEA before an Administrative Law Judge ("ALJ"). This case involves a de novo review of the ALJ's findings in the due process hearing, which took place for 26 days from October 17, 2005 to June 9, 2006, and consolidated the six (6) due process cases filed: Case Numbers 05-2805E, 05-3157E, 06-0371E, 06-0372E, 06-1107E, and Case No. 05-4467E. The ALJ issued a 191 page Final Order, including Findings of Fact and Conclusions of Law. The Plaintiff appeals the ALJ's rulings that the August 1, 2005 Individualized Educational Plan ("IEP") provided L.J. with a Free Appropriate Public Education ("FAPE"), that an independent educational evaluation (IEE) as to assistive technology and reading were not required, and that the School Board adequately implemented the stay put IEP of July 17, 2002.

Defendant filed the instant motion requesting that the Court dismiss portions of the Amended Complaint, asserting that this Court lacks jurisdiction over Plaintiff's discrimination and retaliation claims, Counts II, III, IV, & V, because Plaintiff has failed to exhaust the administrative remedies required by the IDEA. Defendant further argues that the portions of each Count which seek to enforce the rights of L.J. should be dismissed because in the Eleventh Circuit a parent cannot represent her child *pro se*.

## II. ANALYSIS

### A. Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most

favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficient "to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964–65 (citations and quotes omitted).

However, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hyland v. Kolhage, 158 Fed. Appx. 194, 196 (11th Cir. 2005) (citing Estelle v. Gamble, 429 U.S. 97 (1976) (internal quotations omitted)).

### B. Failure to Exhaust Administrative Remedies

"[A]ny student who wants 'relief that is available under' the IDEA must use the IDEA's administrative system, even if he invokes a different statute." M.T.V. v. Dekalb County Sch. Dist., 446 F.3d 1153, 1158 (11th Cir. 2006) (citing Babicz v. Sch. Bd. of Broward County, 135 F.3d 1420, 1422 n.10 (11th Cir. 1998)). "[C]laims asserted under Section 504 and/or the ADA are subject to Section 1415(f)'s requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the

ADA." Id.

Plaintiff argues that she raised the retaliation and discrimination issues at one of her due process hearings regarding L.J.'s rights to a free and appropriate public education. Pl. Resp. at 1–3. However, that a party "raised the retaliation issue at other due process hearings . . . is insufficient to establish exhaustion." M.T.V., 446 F.3d at 1159. "[T]he plain language of the IDEA require[s] [plaintiffs] to file a *separate administrative complaint* to raise th[e] [retaliation] issue and exhaust all administrative remedies regarding that complaint before filing a judicial action." Id. (emphasis added). As the Eleventh Circuit held in M.T.V., Plaintiff needed to raise these issues in a separate administrative hearing based on those issues. Id. Plaintiff has not asserted that she brought a separate due process hearing on these issues. Therefore, Plaintiff's claims of retaliation and discrimination, Counts II, III, IV, & V, shall be dismissed without prejudice for lack of jurisdiction.

### C. Parental Representation

In the Eleventh Circuit, "parents who are not attorneys may not bring a *pro se* action on their child's behalf because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." Devine v. Indian River County School Bd., 121 F.3d 576 (11th Cir. 1997) (IDEA case brought by parent on behalf of child). The Supreme Court recently decided that a parent has rights under the IDEA, including the right to have her child receive a meaningful education, and may sue on those parental rights. Winkelman ex rel. Winkelman v. Parma City School Dist., 127 S.Ct. 1994 (2007). However, the Supreme Court declined to decide whether a parent could litigate *pro se* her child's rights under the IDEA. Id. at 2007. Because the Supreme Court did not make that ruling, the Eleventh Circuit rule prohibiting such representation controls. Therefore, Plaintiff N.N.J. may not represent L.J. in this

action, and any claims brought on L.J.'s behalf, including claims that he was discriminated against based on his disability, should be dismissed without prejudice. L.J. may seek to rejoin this action, should he obtain representation of an attorney in the future. Plaintiff N.N.J., however, has personal rights under the IDEA, as a parent of a disabled child, and may continue to litigate claims for violations of her parental rights, including the right that her child receive a meaningful education.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (dkt # 34) is GRANTED. The retaliation and discrimination claims, Counts II, III, IV, & V, are dismissed without prejudice for lack of jurisdiction. Future proceedings in this case will focus on issues raised with the Administrative Law Judge in the underlying six (6) consolidated due process cases: Case Numbers 05-2805E, 05-3157E, 06-0371E, 06-0372E, 06-1107E, and Case No. 05-4467E. Claims seeking to enforce L.J.'s rights are dismissed without prejudice from this action.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of October, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
Nancy N. Jastrzebski, *pro se*