UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 06-61282-CIV-MOORE/GARBER

L.J., a minor, N.N.J., parent of a minor,
and N.N.J., individually,

       Plaintiffs,

vs.

BROWARD COUNTY SCHOOL BOARD,

       Defendant.

_____/

**CLOSED
CIVIL
CASE**

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE RECORD;
DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
GRANTING IN PART PLAINTIFFS' PROPOSALS

THIS CAUSE came before the Court upon Defendant's Motion for Judgment on the

Record as to Count I and Motion for Summary Judgment as to Counts II, III, IV, & V (dkt # 42),

Plaintiffs' Proposals for Judgment on the Record (dkt # 77), and Plaintiffs' Motion to

Supplement Record with Additional Evidence (dkt # 78).

UPON CONSIDERATION of the Motions, the Proposals, and after a *de novo* review of

the underlying administrative record, and being otherwise fully advised in the premises, the

Court enters the following Order.

## I. BACKGROUND

Plaintiff L.J. is a teenage boy with autism who resides and attends school in Broward

County. Plaintiff N.N.J. (together with L.J., "Plaintiffs") is L.J.'s parent. Plaintiffs first raised

their underlying claims that Defendant Broward County School Board ("Defendant") had

violated the Individuals with Disabilities Education Improvement Act ("IDEA") in six (6) due

process cases filed under the IDEA before an Administrative Law Judge ("ALJ").  This case is a de novo review of the ALJ's findings in the due process hearing, which took place for 26 days from October 17, 2005 to June 9, 2006, and consolidated the six (6) due process cases filed: Case Numbers 05-2805E, 05-3157E, 06-0371E, 06-0372E, 06-1107E, and Case No. 05-4467E.  The ALJ issued a 191 page Final Order, including Findings of Fact and Conclusions of Law.  The Plaintiffs filed this action in district court, challenging and appealing the ALJ's rulings in the Final Order (1) that the August 1, 2005 Individualized Educational Plan ("IEP") provided L.J. with a Free Appropriate Public Education ("FAPE") in the least restrictive environment ("LRE"); (2) that an independent educational evaluation (IEE) as to assistive technology was not required; (3) that an IEE as to reading was not required; (4) and that the School Board adequately implemented the stay put IEP of July 17, 2002.  Plaintiffs further challenged whether they received an impartial due process hearing as required by the IDEA.  Plaintiffs seek compensatory education to compensate for Defendant's alleged failures to provide FAPE.  Plaintiffs further seek attorney's fees for a short period (four days) during the underlying due process hearings during which Plaintiffs were represented by an attorney.

## II. ANALYSIS

District courts conduct a de novo review of IDEA administrative decisions.  Walker County Sch. Dist. v. Bennett, 203 F.3d 1293 (11th Cir. 2000); Weiss v. Sch. Bd. of Hillsborough County, 141 F.3d 990, 991 (11th Cir. 1998).  Upon review, a district court must consider the findings made in the administrative decision, but may determine the extent of deference it will give to those findings.  Bennett, 203 F.3d at 1297–98; Weiss, 141 F.3d at 992; Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982) (A reviewing court shall give "due weight" to administrative

findings.); Doe v. Ala. State Dep't of Educ., 915 F.2d 651, 657, n.3 (11th Cir. 1990) ("The extent of deference to be given the administrative findings of fact is an issue left to the discretion of the district court. The court must consider the administrative findings of fact, but is free to accept or reject them.") (citations omitted).

The thoroughness of the ALJ's findings is a significant factor to be considered in determining how much weight to give administrative findings. Greater deference is usually given in cases where the ALJ was thorough and careful. Walczak v. Fla. Union FreeSch. Dist., 142 F.3d 119, 129 (2d Cir. 1998) ("Deference is particularly appropriate when, as here, the state hearing officers' review has been thorough and careful."); Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891 (9th Cir. 1995) ("The amount of deference accorded the hearing officer's findings increases where they are 'thorough and careful.'") (citation omitted). However, when the findings are incomplete or contradictory, the findings are usually provided less deference. Doyle v. Arlington County Sch. Bd., 953 F.2d 100, 105 (4th Cir. 1991) ("Again, in deciding what is the due weight to be given an administrative decision under Rowley, we think a reviewing court should examine the way in which the state administrative authorities have arrived at their administrative decision and the methods employed. When a state administrative appeals authority has departed from the fact-finding norm to such an extent as here, we think the facts so found as a result of that departure are entitled to no weight[.]").

As the party challenging the ALJ's determination, Plaintiffs have the burden of proof. Schaffer v. Weast, 546 U.S. 49 (2005) (holding the burden of proof in an administrative hearing challenging an IEP was properly placed upon the party seeking relief). To prevail, Plaintiffs must meet their burden by a preponderance of the evidence.

3

In this case, the Court concludes that the ALJ's findings of fact and conclusions are entitled to great deference. The ALJ conducted a through and careful investigation and analysis of the facts and issues raised below. The due process hearing, involving 60 witnesses and numerous exhibits, took 26 days and resulted in 6,390 pages of transcript. The ALJ's 191 page final order shows careful consideration of the evidence and firm grasp of the facts and circumstances at issue. The ALJ's conclusions were well supported. Further, the Court finds that Plaintiffs received an impartial due process hearing as required by the IDEA.

Accordingly, this Court affirms and adopts the ALJ's findings and conclusions. The School Board's implementation of L.J.'s stay-put IEP provided L.J. with a FAPE. The School Board was required to provide a behavioral IEE. Otherwise, the School Board conducted all necessary evaluations. The School Board was not required to provide an IEE for assistive technology or reading. L.J.'s August 2005 IEP provided L.J. with a FAPE in the LRE. As the ALJ found, the School Board offered to immediately reconvene the August 2005 IEP meeting from which N.N.J. was absent, and N.N.J. extensively participated in several earlier meetings making her input and positions very clear. Therefore, N.N.J.'s absence from the August, 2005 IEP meeting was harmless and did not constitute an actionable procedural violation.

In Plaintiffs' Proposals, Plaintiffs request that they be awarded attorney's fees. To the extent that Plaintiffs are requesting attorney's fees for work done in this district court case, the Plaintiffs should file a separate Motion for attorney's fees stating their grounds for receiving the fees and detailing the fees they are requesting.

To the extent Plaintiffs are requesting attorney's fees for work done in the due process hearing, the Court declines to award such fees. Plaintiffs argue that they are entitled to attorney's

4

fees for work done in the due process hearing because they were prevailing parties on the issues of the behavioral IEE and Defendant's proposed October 2005 IEP. Plaintiffs were represented by an attorney in the due process hearing for only the first four days of the 26 day proceeding, after which the attorney filed a motion to withdraw. Plaintiffs proceeded pro se for the remaining 22 days. Plaintiffs have provided no information on what, if anything, the attorney charged for his work or whether Plaintiffs owe the attorney any money. It is unclear whether any of the attorney's work contributed to Plaintiffs' successes or even addressed the successful issues. Further, Plaintiffs have never, before now, indicated that they intended to seek attorney's fees for work done during the due process hearing. The Court concludes that Plaintiffs have not shown that they are entitled to an award of attorney's fees for work done during the due process hearings, and the request is therefore denied.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Supplement Record with Additional Evidence (dkt # 78) is GRANTED. It is further

ORDERED AND ADJUDGED that Defendant's Motion for Judgment on the Record as to Count I and Motion for Summary Judgment as to Counts II, III, IV, & V (dkt # 42) is GRANTED IN PART. To the extent the Motion requests Judgment on the Record as to Count I, the request is GRANTED, as discussed above. To the extent the Motion requests Summary Judgment as to Counts II, III, IV, & V, the Motion is DENIED AS MOOT. The retaliation and discrimination claims, Counts II, III, IV, & V were dismissed by an earlier Order (dkt # 65). It is further

ORDERED AND ADJUDGED that Plaintiffs' Proposals for Judgment on the Record (dkt # 77) are GRANTED IN PART and DENIED IN PART. To the extent the Proposals request compensatory education in the form of monies to cover the costs of behavioral services for the period from September 19, 2005 to December 12, 2006 in which Defendant failed to provide a behavioral IEE, the request is GRANTED. The Parties are directed to confer to determine whether they can reach an agreement as to the amount to be provided. If not, the Court will take further submissions under advisement. Further, while the effect of this Order is to allow Defendant to immediately implement the August 2005 IEP, given the age of the IEP, the parties are encouraged to meet to develop a new IEP or update the August 2005 IEP. In all other respects, the Plaintiffs' Proposals are DENIED. It is further

ORDERED AND ADJUDGED that this case is CLOSED. All pending motions are DENIED AS MOOT. This order is hereby certified as a final judgment pursuant to Fed. R. Civ. P. 54(b).

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of March, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record

6